J. Howard Eossbach, J.
Motion to dismiss a paternity action brought by the mother of a child on the ground that it is barred by a pre-existing contract between the parties executed in the Dominican Eepublic. It appears from uncontroverted portions of the affidavits that the parties lived together sporadically and illicitly from 1952 to 1956, at various addresses in New York City. The child whose rights are now being litigated was born here in 1954. The child was taken to the Dominican Eepublic by the mother in 1957 and remained there for two years. Defendant insists that this was an abandonment of the child by its mother and claims that he supported it until the contract was executed. Complainant maintains that the child was taken there to become acquainted with both sets of “ grandparents.”
In any event it appears that defendant delivered the child back to the mother upon her signing a “ contract ” in the Dominican Eepublic. A translation of the “contract” is as follows:
Ciudad Trujillo, D. R.
4 of February, 1959
Mr. (Jones):
I am advising you to confirm the fact that I agree to accept the full care and responsibility for maintaining (the child), issue of yourself and the subscribing party, in accordance with our agreement hereby made between us.
Yours Truly
Maria (Smith)
(Matter in parenthesis altered to protect the anonymity of the child.)
*962 The signature is followed by a lengthy notarial certificate, but there was no formal approval by any court under a statute similar to that of New York (cf. Rhyne v. Katleman, 206 Misc. 202).
The parties have all now returned to New York.
In this proceeding defendant does not seriously contest the issue of paternity. He claims, however, that the ‘‘ contract ’ ’ is valid under Dominican law and is a complete bar to this action under the authority of Haag v. Barnes (11 A D 2d 430).
Assuming for the purposes of this motion only that the “ contract ” is valid under Dominican law, defendant’s claim is defeated by the very case he cites. In Haag (supra) the Appellate Division affirmed the dismissal of a paternity action by this court on the ground that it was barred by a contract executed in Illinois and containing a provision that it was to be construed by the laws of that State. That contract contained generous provisions for the welfare of the child. One cannot read the affirming decision without being struck by the care with which the court examined the portions of the contract which provided for the support of the child and measured them to see whether they met the standards of public policy in New York. It pointed out that “ ‘ a court will not enforce a contract though valid where made if its enforcement is contrary to the policy of the forum.’ ” (P 432.)
The court indicated that a criterion of public policy is found in section 63 of the New York City Criminal Courts Act. This section states that an agreement concerning the support of either mother or child “ shall be binding only when the court shall have determined that adequate provision has been made and is fully secured ”.
■ Turning to the Dominican “ contract ”, there is no question of the adequacy of any proposed support. There is no support at all. I therefore hold that the agreement is in contravention of the public policy of this State and is no bar to the present action. Motion denied.